■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD JOHNSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 28, 1970, convicting him of robbery in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact are affirmed. In our opinion, the charge of the trial court with respect to the defense of alibi was error. The court instructed the jury that " an alibi defense, if clearly established by unsuspected believable testimony, is the very best defense an innocent man can make, and this is obvious." Later the court indicated the need for such testimony to be "undisputed" and believable. The jury was further instructed to " proceed with caution" and to scrutinize carefully the testimony of defendant's alibi witnesses; and to determine whether the alibi was " concocted and resorted to in an agreement to clear the guilty person of the charge", whether defendant's witnesses were accurate in every detail, whether they were too accurate and whether there was any common or mutual interest among the witnesses. As stated by Justice HOPKINS in his dissent in *People* v. *Lorez* (28 A D 2d 726, 727, affd. 21 N Y 2d 733) : " Defendant has no burden of producing ' unsuspected believable testimony' of an alibi; it is enough for him to produce testimony of the same character as all other testimony — that is, testimony that the jury may accept, after considering it in the face of all the circumstances. He had the right to have the defense fairly treated like any other defense (*People* v. *Barbato*, 254 N. Y. 170, 179). He did not have to establish that it was impossible for him to have committed the crime, and the jury could view the evidence merely to determine whether it raised a reasonable doubt as to his guilt (*People* v. *Perry*, 277 N. Y. 460; *People* v. *Tapia*, 11 A D 2d 679). Nor did defendant have the burden of proving the alibi (*People* v. *Rabinowitz*, 290 N. Y. 386, 388). The charge, on the other hand, placed a premium on the strength and persuasiveness of defendant's evidence, which even the prosecution need not meet. Suspect evidence, if believed by the jury, will support a verdict against a defendant (*People* v. *Peller*, 291 N. Y. 438, 446). Defendant should have the benefit of the same standard." Unlike the defendant in *People* v. *Lorez* (*supra*), defendant herein did except to the charge and did request clarifying instructions to

the jury. The court also charged as follows with respect to defendant's failure to take the stand: "The defendant decided not to testify in his own behalf. As I told you at the outset, the law provides that while a defendant may testify in his own behalf, his neglect or refusal to do so does not create any presumption against him; and I am going to state that section of the law to you, and I cannot impress this too strongly upon you: 'The defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal to testify does not create any presumption against him.' *So that is up to you to determine*" (italics added). In our view, the gratuitous phrase, "So that is up to you to determine" constituted serious and prejudicial error (*People* v. *McLucas,* 15 N Y 2d 167, 171). This statement could have had no other effect than to imply to the jury that there was some issue in connection with defendant's failure to testify which they had the power to decide. This error was compounded by the trial court's refusal to grant defense counsel's request to correct the charge in this respect. Rabin, P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.