**Louis H. GARDNER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 13, 1978.

Decided Jan. 16, 1979.

Marsha Kramarck and Richard E. Fairbanks, Jr., Asst. Public Defenders, Wilmington, for defendant-appellant.

Richard J. McMahon, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant, Louis H. Gardner, appeals a second degree murder conviction contending that the Trial Court's failure to instruct

the jury *sua sponte* on the defense of alibi was reversible error.

## I.

The defendant testified that he had been out drinking at a cafe on the evening in question, and that when he returned home he found the victim Ms. Brown, severely beaten and in a semiconscious state. He ran to a near-by hospital and persuaded two young men there to help him bring the victim to the hospital where she was pronounced dead on arrival at 1:05 a. m. The doctor estimated that the victim had been dead for an hour, thus placing the time of death at approximately 12:05 a. m. Because the medical examiner testified that the victim died within a few minutes after receiving her injuries, it may be inferred that the injuries were inflicted around midnight.

Although the defendant did not know the exact time he returned home, he testified that he left the place where he had been drinking when the bar "was about ready to close." The defendant contends that this testimony constitutes an alibi and that it was corroborated by one witness, who stated that the defendant left the bar "around the time for the bar to close", although she did not recall the exact time. The defendant argues that further corroboration was offered by another witness, who testified that she left the bar between 12:35 a. m. and 12:45 a. m. in the defendant's car.

## II.

Although the defendant did not request a jury instruction on the defense of alibi or note an exception to the lack thereof, he argues that it was plain error for the Trial Judge to fail to give such an instruction *sua sponte*.

■ The defense of alibi is simply "a denial of any connection with the crime," *Halko v. State*, Del.Supr., 175 A.2d 42, 49

(1961), and is based upon evidence that the defendant "was somewhere other than at the place the crime is alleged to have been committed when it is alleged to have been committed." See *Jackson v. State*, Del. Supr., 374 A.2d 1 (1977).

■ In the instant case, there was insufficient evidence to require the Trial Judge, *sua sponte* to charge on alibi. Because the evidence demonstrates that the victim was beaten around midnight, an alibi defense would show that the defendant was not in the apartment at midnight. This crucial testimony is not in the record; the testimony that defendant contends corroborates his alibi only accounts for his presence elsewhere from 12:35 a. m. to 12:45 a. m. Instead of placing the defendant so far away from the scene of the crime that his participation would have been impossible, this testimony placed defendant near the scene of the crime 35–45 minutes after it occurred,[1] and left his presence unaccounted for during the time when the crime was committed. Because the defendant failed to establish an alibi defense by sufficient evidence, the failure of the Court to deliver an alibi instruction *sua sponte* could not be plain error.[2]

■ Contrary to defendant's contentions, *Rogers v. Redman*, D.Del., 457 F.Supp. 929 (1978) does not support his position. Unlike *Rogers*, this defendant did not produce evidence to show that he was not at the scene of the crime at the crucial time in question. Also, whereas the issue in *Rogers* was a misstatement of the law of alibi in the jury instructions, the instant case concerns an omission of an alibi instruction; and the standard for omitted instructions is less rigorous than for misleading instructions. See *Rogers v. Redman*, D.Del., 457 F.Supp. 929, 931 (1978); *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977). Finally, while the defendant in *Rogers* objected to the court's alibi instruc-

---

1. The distance between the cafe, where the defendant was drinking, and the victim's apartment is approximately sixteen blocks.

2. As we read the record, the defense offered at trial was not alibi, but that the defendant did not commit the crime. The defendant testified that the victim was alive when he found her.

tions, the defendant here did not request an alibi instruction or object to the court's failure to instruct the jury on alibi.

### III.

Accordingly, there will be an affirmance in this case. Experience indicates, however, the desirability of taking the occasion to state briefly basic guidelines for alibi instructions:

 As a threshold consideration, of course, before an instruction is required there must be some credible evidence to establish an alibi defense. If a Trial Judge is satisfied that there is some credible evidence showing that the defendant was elsewhere when the crime occurred, then a determination must be made whether an instruction is required. In those circumstances, if a defendant requests an instruction on alibi, we think one should be given; and any doubt should be resolved in favor of giving the instruction.

 The more difficult question is whether a trial judge must instruct on alibi, when there has been no specific request for such an instruction. See *Annotation*, "Duty of Court, In Absence of Specific Request, To Instruct on Subject of Alibi," 72 A.L. R.3d 547–607. Although there is generally no duty to charge upon alibi in the absence of a specific request, it is recognized that in certain circumstances [e. g., where alibi is the defendant's main or sole defense, the proffered evidence against the defendant is all or mostly circumstantial, the possible punishment is severe, or where a case is so complex that an instruction is necessary in the interests of justice [3] ], a duty to instruct the jury upon alibi may arise, so that the failure to do so would amount to a manifest defect affecting the defendant's substantial rights and thus constitute plain error. Thus, where a defendant offers an alibi defense by introducing substantial evidence showing that he was elsewhere when the crime was committed, the Trial Judge

should give an alibi instruction, and the failure to do so in those circumstances, even without a request from the defendant, will be deemed plain error.

Affirmed.

---

3. These examples are suggestive only, and the circumstances requiring a *sua sponte* alibi instruction should not be limited thereby.