UNITED STATES of America, Appellee,

v.

Richard G. MOGAVERO, Appellant.

No. 75–1026.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1975.

Decided Aug. 14, 1975.

Stephen N. Shulman, Washington, D. C. (Adrian C. May, Jr., Cadwalader, Wickersham & Taft, Washington, D. C., and David Diener, Baltimore, Md., on brief) for appellant.

Richard B. Buhrman, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, and Robert Lindsay, Attys., Tax Div., U. S. Dept. of Justice, and George Beall, U. S. Atty., on brief) for appellee.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

Found guilty of filing false and fraudulent individual income tax returns for the years 1967–1970 in violation of 26 U.S.C. § 7201, Richard Mogavero appeals, asserting as grounds for reversal that the evidence was insufficient to convict him, that the instructions to the jury were prejudicially erroneous, and that there was error in the district court's refusal to poll the jury on its verdict. We think that the evidence was legally sufficient to permit the jury to find him guilty beyond a reasonable doubt, but we conclude that there was a fatal error in the instructions given the jury requiring reversal and a new trial. The district court's refusal to poll the jury after its verdict was recorded is unlikely to arise at a second trial, and we see no need to pass on its propriety.

I.

Viewed in the light most favorable to the government, the proof established that over the years in question defendant's net worth substantially increased over and above that which he reported as taxable income. Indeed, it indicated that his unreported income for the years in question aggregated $164,680.31. To rebut the logical inference that his increased net worth indicated that he under-reported his taxable income in that amount, defendant claimed that the increases were attributable to two loans to him of $80,000 and $84,000, respectively, in the form of currency, from his parents. The first was allegedly made sometime between 1966 and 1970, and the second sometime after March 11, 1968, when his parents gave him a power of attorney to handle their affairs and he made the loan to himself under the power. The proceeds of the latter loan were allegedly invested in the Briarwood Inn, a new defunct business enterprise of which defendant was the proprietor.

The government's evidence further showed that while defendant, in his 1967

tax return, claimed an interest deduction on a $5,000 balance on a loan from his father, he did not claim any interest deduction on the loans of $80,000 and $84,000, respectively, for any years. In 1967, 1970 and 1971, defendant filed five financial statements with banks and insurance companies; none showed any liabilities to defendant's parents. Finally, a source and application of funds statement reflecting the financial history of defendant's parents between 1955 and 1970 showed that between 1955 and 1964 defendant's parents spent or invested substantially more than they were known to have received, during 1965 and 1966 they may have accumulated $10,171.90, and that during 1967 to 1970 they may have accumulated approximately $1,750. Thus, the inference that they lacked the means to make the loans as claimed by defendant could logically be drawn. Defendant countered with evidence that for some past period his father had been a bookmaker.

Although conflicting, we think that the evidence was legally sufficient to permit the jury to find that defendant willfully filed false and fraudulent income tax returns for the years 1967 to 1970.

## II.

In view of the defense that loans from defendant's parents explained his substantial increase in net worth, defendant asked that the jury be instructed as follows:

If you are *not* convinced beyond a reasonable doubt that the defendant's parents were *not* the source of the cash money, that the defendant failed to report on his tax returns, then you would find the defendant not guilty. (Emphasis added.)

Conversely, if you are convinced beyond a reasonable doubt that the defendant's parents are not the source of the cash money that the defendant failed to report in his tax return during each of the years involved, then you would find the defendant guilty as to each or any of those years.

While purporting to grant the requested instruction, the district court eliminated the double negative in the first paragraph of the request and told the jury:

In this case the defendant has maintained that the increases in his net worth were the result of cash monies he received in loans from his parents, and the cash monies belonging to his parents that he expended under a power of attorney.

The prosecution must prove beyond a reasonable doubt this is not true in order for you to find the defendant guilty.

If you *are* convinced beyond a reasonable doubt that the defendant's parents *were* the source of the cash money, that the defendant failed to report on his tax returns, then you would find the defendant not guilty. (Emphasis added.)

Conversely, if you are convinced beyond a reasonable doubt that the defendant's parents are not the source of the cash money that the defendant failed to report in his tax return during each of the years involved, then you would find the defendant guilty as to each or any of those years.

The sentence in the instruction given that "[i]f you *are* convinced beyond a reasonable doubt that the defendant's parents *were* the source of the cash money . . . then you would find the defendant not guilty" is not the equivalent of the requested instruction that "[i]f you are *not* convinced beyond a reasonable doubt that the defendant's parents were *not* the source of the cash money . . . then you would find the defendant not guilty." The instruction given casts the burden on the defendant to prove beyond a reasonable doubt that his parents were the source of his funds in order to gain acquittal. This was error, because *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), and *United States v.*

*Massei,* 355 U.S. 595,. 78 S.Ct. 495, 2 L.Ed.2d 517 (1958), both hold that in a net worth income tax prosecution the burden of disproving a defendant's claimed source of nontaxable receipts rests on the government. If that burden is not met by proof persuasive beyond a reasonable doubt, a defendant is entitled to acquittal. The requested instruction correctly stated the applicable rule of law, because it applied the proper standard as to burden of proof.

The government concedes that, standing alone, the instruction given would constitute reversible error. The government argues vigorously, however, that the error was overcome when the charge, containing repeated general references to the government's burden to prove each element of its case, is considered in its entirety. We are not persuaded.

It is true that the jury was told about the government's burden of proof—that the burden of proof is always on the government to prove beyond a reasonable doubt every essential element of the crimes charged, that the burden is never on the defendant, and that, in the instant case, the burden was on the government to prove beyond a reasonable doubt that any amounts reflected in the defendant's increased net worth, plus nondeductible expenditures, were from taxable rather than from nontaxable sources. The flaw in the government's logic is that these instructions were all cast in the form of general statements as to burden of proof. The erroneous instruction was addressed to specific findings—application of the general statements to the facts as the jury might find them and the form of verdict which would follow. As a consequence, we think it unlikely that the jury, in making the specific finding of guilt or innocence, would correctly apply the general statements in the contravention of the district court's literal language. Thus, we cannot conclude that the error was overcome.

### III.

As we have stated, the dispute about the proper time to poll individual jurors on the jury's verdict is unlikely to arise at a new trial. We do not deem it necessary to consider it.

*Reversed; new trial granted.*