UNITED STATES of America

v.

Linwood L. ALSTON, Appellant.

No. 75–1758.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 9, 1976.

Decided July 28, 1976.

As Amended Aug. 27, 1976.

Edward Szukelewicz, Washington, D. C. (appointed by this Court), for appellant.

Andrea L. Harnett, Asst. U. S. Atty., Washington D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Garey G. Stark and Edward C. McGuire, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before BAZELON, Chief Judge, ROBINSON, Circuit Judge, and JUSTICE,* United

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

States District Judge for the Eastern District of Texas.

Opinion for the Court filed by Chief Judge BAZELON.

BAZELON, Chief Judge:

■ Appellant was convicted, by a jury, of two counts of armed robbery[1] and sentenced to concurrent terms of imprisonment of two to six years on each count. The charges stemmed from the 1972 robbery of a George Washington University parking lot, and its two attendants, by two men. The Government's case against appellant[2] consisted only of the victims' identifications of him as being the shorter, gun-wielding assailant.[3] Appellant's defense was alibi—his claim, corroborated by his witness, was that on the evening of the robbery he was watching television with his girl friend at her sister's apartment.[4]

We deal here with asserted errors in the trial court's instructions relating to the burden of proof with respect to this alibi defense and its charge on the Government's burden to prove each element of the offense beyond a reasonable doubt. Because these points are raised for the first time on appeal,[5] we must determine whether the alleged defects amount to plain error,[6] "after considering their combined effect on the 'jury's factfinding function.' "[7] Unfortunately, there is no simple method for making such determination: "[a]ssessing prejudice is an elusive task, requiring appellate judges to weigh the impact of trial defects on the minds of other people, not their own."[8] But to hold harmless an erroneous burden of proof instruction, we "must be able to declare a belief that it was harmless beyond a reasonable doubt."[9] This we are unable to do.

1. 22 D.C.Code §§ 2901, 3202 (1973).

2. Neither victim was able to identify the man named in the indictment as appellant's codefendant; he was tried by the court and acquitted.

3. Shortly after being robbed, the two attendants described their assailants to police detectives. Tr. 57, 97, 137, 144, 160, 173–175. Later, they each selected appellant's photograph from a display of police "mug shots," Tr. 51–52, 68, 97–98, 109, 138, 163–165, and identified appellant at a police lineup. Tr. 53–54, 69, 100, 109, 167–168. Each victim also identified appellant in court. Tr. 55–56, 100–101.

   Although the testimony of the Government's witnesses concerning their descriptions of the assailants contained some discrepancies, we find unpersuasive appellant's challenge to the sufficiency of the evidence.

4. Tr. 221–222, 235, 237–239, 251.

5. A colloquy reported in the transcript suggested that trial counsel might have objected to certain of the court's instructions, but that he was prevented by the court from completely airing the objection. Tr. 280. Ordinarily, when an appellant was not provided with an opportunity to object to instructions, the appellate court will consider issues not raised at trial. 2 Wright, Federal Practice and Procedure: Criminal § 484 & Cases cited n. 49 (1969 and Supp.1975). To clarify the ambiguity in the transcript on this matter, we remanded the

record *sua sponte.* F.R.App.P. 10(e). From the transcript of the hearing on remand, it is apparent that trial counsel was objecting only to the instruction concerning the inferences that could be drawn from appellant's "flight" while on bail, a charge to which he previously had taken exception. Tr. Mar. 12, 1976, p. 4. We therefore must consider the issues raised on appeal under the plain error rule, *infra,* n. 6.

6. Compare Rules 30 and 51, F.R.Crim.P., with Rule 52(b), allowing reviewing courts to take notice of "[p]lain errors or defects affecting substantial rights."

7. *United States v. Freeman,* 169 U.S.App.D.C. 73, 514 F.2d 1314, 1315 (1975), citing *United States v. Wharton,* 139 U.S.App.D.C. 293, 433 F.2d 451, 457 (1970).

8. *United States v. Freeman, supra,* n. 7 at 1320–1321.

9. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh. denied,* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). The *Chapman* standard applies because the "[e]rroneous allocation of the burden of proof is . . . an error of constitutional dimension." *United States v. Scott,* 174 U.S.App.D.C. 96, 529 F.2d 338, 340 (1975). *See* the discussion of *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in *United States v. Martin,* 154 U.S.App.D.C. 359, 475 F.2d 943 (1973).

## I.

(a) The court instructed the jury on alibi as follows:

Mr. Alston himself and his witnesses have introduced evidence that he was not in the 900 block of New Hampshire Avenue at or about the time this offense was committed. This is an alibi. It is a perfectly legitimate claim in defense of an indictment.

Again, he cannot be convicted of this offense if he was not at the place at the time the offense took place, *and you have to analyze the testimony presented by him and his witnesses in contradistinction to the testimony presented by the Government, principally through the complaining witnesses, Metzger and Leiby.* Tr. 265 (emphasis supplied).

Appellant argues that this instruction suggests that appellant "had to overcome the testimony of the Government witnesses"[10] and that "after the Government made its case the burden of proof had shifted to [appellant]."[11]

(b) The charge on the presumption of innocence, appellant maintains, did not adequately emphasize that the burden of proof does not shift when a defendant voluntarily undertakes to present a specific defense, and did not remove the misconception that might have been engendered by the assertedly improper alibi instruction. The charge relating to the presumption of innocence was:

The Government has the burden of proving the guilt of Mr. Alston and has this burden of proving his guilt beyond a reasonable doubt.

He is presumed to be innocent unless and until evidence convinces you beyond a reasonable doubt of his guilt.

He does not have to prove his innocence as [defense counsel] said to you and as I think I said to you at the outset. And he does not have to give any testimony in defense of this action. He is permitted to, because all of us are, but he is not required. The Government has to prove he is guilty, guilty beyond a reasonable doubt. Tr. 276–276.

(c) Appellant also challenges the propriety of the instruction on the elements of robbery and armed robbery, in that the court told the jury that the Government must prove each element, but did not specifically tell them that the Government must prove each "beyond a reasonable doubt." The jury was told:

Now, since we are talking about the same robbery and the elements of robbery are the same, the only distinction being whether or not the evidence indicates the perpetrator was armed with a dangerous weapon, let me tell you about the five essential elements of the offense of robbery, *each of which the Government has to prove in order to convict a person of that offense.*

First of all, the Government has got to prove that Mr. Alston took some property of some value from the complainant. As I say, in the first count of the indictment, the complainant is Mr. Metzger. In the fourth count of the indictment, it is Mr. Leiby.

That he took the property against the will of Metzger and Leiby.

Secondly, that he took possession of the property by force or violence, whether it was against resistance or by putting Leiby and Metzger in fear.

Thirdly, *the Government has got to prove beyond a reasonable doubt* that the property was taken from the person of either Metzger or Leiby or from the immediate area in which they had control over the property.

---

**10.** Appellant's Br. 20.

**11.** *Id.*

Fourthly, the Government has got to prove that after the property was taken by force and violence against the will of the complainants, that it was carried away from the place from which it was taken.

And, lastly, the property must be taken in a robbery with the specific intent to steal it. Tr. 268–269 (emphasis supplied).

Appellant contends that because the jury was expressly advised only that the Government must prove beyond a reasonable doubt the "taking" element, the "jury very easily could have inferred, under the circumstances, that it was unnecessary to prove the other elements of the offense[s] . . . beyond a reasonable doubt." [12]

(d) Finally, adding to the potential for confusion over the proper allocation of the burden of proof, is the instruction given at the start of the trial: "[t]he Government in this case has the *initial* responsibility of proving beyond a reasonable doubt from its evidence the identity of the perpetrator of ·this robbery as well as proving beyond a reasonable doubt that a robbery did occur." [13]

## II.

■ A comparison of the court's alibi and presumption of innocence instructions with the parallel D. C. "redbook" [14] and Devitt & Blackmar [15] instructions, demon-

---

12. Appellant's Br. 26.

13. Tr. 35 (emphasis supplied).

14. Junior Bar Section of D.C. Bar Ass'n, Criminal Jury Instructions for the District of Columbia (2d ed. 1972).
   Instruction No. 5.02:
   ALIBI
   Evidence has been introduced that the defendant was not present at the time when, and the place where, this offense was allegedly committed. The legal name for this defense is "alibi." The defense of alibi is a legitimate, legal and proper defense. *The defendant may not be convicted of the offense with which he is charged unless the Government proves beyond a reasonable doubt that the defendant was present at the time when, and at the place where, the offense was committed.*
   *If, after a full and fair consideration of all the facts and circumstances in evidence, you find that the Government has failed to prove beyond a reasonable doubt that the defendant was present at the time when, and the place where, the offense charged was allegedly committed, you must find the defendant not guilty* (emphasis supplied).
   Instruction No. 2.08:
   BURDEN OF PROOF—
   PRESUMPTION OF INNOCENCE
   Every defendant in a criminal case is presumed to be innocent. *This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.*
   The burden is on the government to prove the defendant guilty beyond a reasonable doubt. *This burden of proof never shifts throughout the trial.* The law does not require a defendant to prove his innocence or to produce any evidence. Unless the government proves beyond a reasonable doubt that the defendant has committed every element of the offense with which he is charged, you must find him not guilty (emphasis supplied).

15. Devitt & Blackmar, Federal Jury Practice and Instructions (2d ed. 1970).
   Instruction § 11.31:
   ALIBI
   Evidence has been introduced tending to establish an alibi, which amounts to a contention that the defendant was not present at the time when or at the place where he is alleged to have committed the offense charged in the indictment.
   *If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you must acquit him.*
   *The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of. calling any witnesses or producing any evidence* (emphasis supplied).
   Instruction § 11.01:
   PRESUMPTION OF INNOCENCE
   —BURDEN OF PROOF—
   REASONABLE DOUBT
   The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. *So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.*
   It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—

strates that in each instance the district judge omitted or modified a crucial sentence, included in the standard instructions, that would have made clear that the burden of persuasion never shifted. Although the district court properly reminded the jury on several occasions of the Government's burden of proof,[16] we are unwilling to presume that the ambiguity created by the incomplete alibi and presumption of innocence charges and the preliminary instruction on the Government's *"initial* responsibility" was thus dissipated.[17] Nor will we presume that because the court specifically charged that the Government must establish appellant's presence at the scene of the robbery beyond a reasonable doubt, the jury fully understood the interplay between the "identification" and "alibi" instructions. "A defendant is entitled to specific instructions on the burden of proof on alibi issues because the jury is likely to become confused about the burden of proof when an appellant offers this type of evidence."[18] We think that the instructions here lacked the necessary specificity, and are not convinced that the jurors fully appreciated that appellant's alibi evidence need only raise a reasonable doubt in their minds that the defendant was present at the crime scene[19]; that they must consider the evidence in its totality, including the alibi evidence, in deciding defendant's guilt[20]; and that the burden of proof never shifts.[21]

---

the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly in the most important of your own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

*The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.*

A reasonable doubt exists whenever, after careful and impartial consideration of all the evidence in the case, the jurors do not feel convinced to a moral certainty that a defendant is guilty of the charge. So, if the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury should of course adopt the conclusion of innocence (emphasis supplied).

16. Jury instructions, of course, must be considered as a whole. *United States v. Wiggins,* 174 U.S.App.D.C. 166, 169, 530 F.2d 1018, 1021 (1976); *United States v. Scott, supra,* n. 11 at 341; *United States v. Martin, supra,* n. 11 at 947 (compiling cases).

17. *See United States v. Mogavero,* 521 F.2d 625 (4th Cir. 1975), rejecting the Government's argument that an instruction improperly casting on appellant in a net worth income tax prosecution the burden to prove beyond a reasonable doubt that *his parents were the source of his funds* was purged by the court's repeated general references to the Government's burden. The court concluded that it thought it "unlikely that the jury, in making the specific finding of guilt or innocence, would correctly apply the general statements in the contravention of the district court's literal language." *Id.* at 628.

*See also United States v. Booz,* 451 F.2d 719, 723 (3d Cir. 1971), ("the inadequacy of [the alibi] charges was not cured by the general allusion, interspliced throughout the entire instruction, to the fact that the Government bore the burden of persuasion on all issues raised at trial."); *United States v. Barrasso,* 267 F.2d 908, 910 (3d Cir. 1959); *United States v. Marcus,* 166 F.2d 497, 503–504 (3d Cir. 1948).

18. *United States v. Booz, supra,* n. 17, 451 F.2d at 723. *Cf. United States v. Burse,* 531 F.2d 1151, 1153 (2d Cir. 1976) ("Of course, failure to establish an alibi does not properly constitute evidence of guilt since it is the burden of the government to prove the complicity of the defendant, not the burden of the defendant to establish his innocence. That, however, is a point with which we cannot expect jurors to be familiar.")

19. *United States v. Booz, supra,* n. 17, 451 F.2d at 723–724; *United States v. Barrasso, supra,* n. 17 at 910.

20. The tenor of the court's instructions obscured the principle that the alibi evidence should weigh in the jury's consideration of reasonable doubt. *Cf. United States v. Stanfield,* 521 F.2d 1122, 1125 (9th Cir. 1975). For example, the court, after its brief reference to appellant's alibi, called the jurors' attention to the identification testimony of the complainants, thereafter stating:

As you examine this evidence very carefully with all of these factors that I have mentioned, and any others that in your common experience and judgment are relative to this

21. See note 21 on page 320.

The court's failure to include in its charge on the essential elements of the offenses of robbery and armed robbery [22] the admonition, included in the standard instruction, that each must be proved beyond a reasonable doubt is but another factor that has weighed into our determination here. We need not decide whether it alone would constitute reversible error. [23]

■ Against the potential of these instructions for confusion, we examine the

strength of the evidence of guilt. [24] As noted above, the Government's case rested solely on the victims' identification testimony. Appellant relied on an alibi. Credibility was therefore crucial; [25] the case went to the jury essentially as the victims' word against appellant's. [26] Under such circumstances, we cannot say, beyond a reasonable doubt, that the jury was not swayed by the combined effect of the instructions suggesting that appellant might have assumed the burden of proof by volunteering an alibi.

> basic issue, if you are not satisfied beyond a reasonable doubt as to the identity of Mr. Alston as being involved in the perpetration of the robbery, then you go no further; you find him not guilty.
>
> If you are satisfied, however, as to the question of identity, it is then that you will go on to consider the various counts of this indictment. Tr. 267

This might well have suggested that the resolution of the issue of appellant's identity depended solely on the Government's evidence.

21. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). *See Perez v. United States,* 297 F.2d 12, 16 (5th Cir. 1961) ("[I]n no condition of proof is it permissible to leave with the jury the idea that it had become the duty of the defendant to establish his innocence to obtain an acquittal.")

*See also United States v. Beedle,* 463 F.2d 721 (3d Cir. 1972); *Smith v. Smith,* 454 F.2d 572 (5th Cir.), *cert. denied,* 409 U.S. 885, 93 S.Ct. 99, 34 L.Ed.2d 141 (1972); *Stump v. Bennett,* 398 F.2d 111 (8th Cir.), cert. *denied,* 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968). *Cf. Cool v. United States,* 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972); *United States v. Hall,* 525 F.2d 1254 (5th Cir. 1976).

For the results of a recent study of the effectiveness of jury instructions in properly conveying legal principles see Strawn and Buchanan, *Jury Confusion: A Threat to Justice,* 59 Judicature 478, 481 (1976). One finding was that of all the jurors instructed on the presumption of innocence, "only 50 per cent . . understood that the defendant did not have to present any evidence of his innocence, and that the state had to establish his guilt, with evidence, beyond any reasonable doubt."

22. *Supra,* pp. ——–—— of 179 U.S.App.D.C., pp. 317–318 of 551 F.2d. *Compare with* the Junior Bar section of D.C. Bar Ass'n, *supra,* n. 14, Instruction No. 4.61.

23. *See United States v. Powell,* 145 U.S. App.D.C 332, 449 F.2d 994, 996–998 (1971). The court found no plain error in the trial judge's failure to repeat words beyond a rea-

sonable doubt" after one element of the offense and his "presumably inadvert[ent]" omission of the sentence in the standard instruction which says that each essential element must be proved by the prosecution beyond a reasonable doubt. The court did, however, "emphasize the desirability, if indeed not the necessity, of the giving of this [latter] charge in criminal cases, both in the interests of justice and of efficient judicial administration." *See also* Bazelon, C. J., concurring at 999 ("The standard of persuasion is so important at criminal trials that I consider it to be an error for the judge *ever* to omit such an instruction."). *Cf. United States v. McClain,* 142 U.S.App.D.C. 213, 440 F.2d 241, 246 (1971) ("[w]henever evidence is admitted only for a limited purpose, it is plain error, in the absence of manifest waiver, to omit an immediate cautioning instruction."); *United States v. Gaither,* 142 U.S.App.D.C. 234, 440 F.2d 262, 264 (1971) ("[A]ny omission of an element of a crime in the instructions to the jury is plain error under Rule 52(b) of the Fed.R.Crim.P."); *Tatum v. United States,* 88 U.S.App.D.C. 386, 190 F.2d 612, 615 (1951) ("Failure on the part of a trial court in a criminal case to 'instruct on all essential questions of law involved in the case, whether requested or not' would clearly 'affect substantial rights' within the meaning of Rule 52(b).") (footnote omitted).

24. Strong evidence of guilt may support a finding of no prejudice. *See United States v. Martin, supra,* n. 11 at 948; *Howard v. United States,* 128 U.S.App.D.C. 336, 389 F.2d 287, 291 (1967); *Cooper v. United States,* 123 U.S.App. D.C. 83, 357 F.2d 274, 276 (1966).

25. *See United States v. Millings,* 175 U.S.App. D.C. 293, 535 F.2d 121, 123 (1976).

26. *See United States v. Freeman, supra,* n. 7 at 1320. The special problems of reliability presented by identification testimony are highlighted in our recent opinion in *United States v. Greer,* 176 U.S.App.D.C. 89, 538 F.2d 437 (1976). *See also United States v. Telfaire,* 152 U.S.App.D.C. 146, 469 F.2d 552 (1972).

\*    \*    \*    \*    \*    \*

The fundamental principle that serious doubts as to whether a defendant was prejudiced by trial defects should be resolved in the defendant's favor[27] compels reversal here. It may be argued that we should overlook minor variations from standard instructions because jurors do not pay much attention to instructions anyway. Counsel's failure to object, the argument runs, further supports this view.

 It would be to abdicate our responsibility to ensure the fair administration of criminal justice to conjecture that jurors do not heed instructions, or to find error non-prejudicial solely because of counsel's silence.[28] An instruction central to the determination of guilt or innocence[29] may be fatally tainted by even a minor variation which tends to create ambiguity. In such circumstances, the record must provide more assurance that defendant has suffered no harm than is present here. "A conviction ought not to rest on an equivocal direction to the jury on a basic issue."[30]

*Reversed.*

---

**27.** *See Kotteakos v. United States,* 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Freeman, supra,* n. 7 at 1321.

**28.** Despite the reasons advanced to support the dichotomous standards of review embodied in Rule 52, F.R.Crim.P., the reality is that "the prejudice caused a defendant by error does not somehow evaporate or diminish simply because his counsel has failed to object." *United States v. Leonard and Sarvis,* 161 U.S.App.D.C. 36, 494 F.2d 955, 975 (1974) (Bazelon, C. J., concurring in part and dissenting in part), *appeal after remand,* 173 U.S.App.D.C. 228, 523 F.2d 1177 (1975).

**29.** *See In re Winship, supra,* n. 11.

**30.** *Bollenbach v. United States,* 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). *See also Notaro v. United States,* 363 F.2d 169, 175 (9th Cir. 1966), *appeal after remand,* 388 F.2d 680 (9th Cir. 1967). (It is a "paramount requirement that the jury in a criminal case be guided by instructions framed in language which is unmistakably clear."). *Cf. Perry v. United States,* 137 U.S.App.D.C. 260, 422 F.2d 697 (1969).