Katrina **HOLLOWAY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 08–CF–1454.

District of Columbia Court of Appeals.

Argued Dec. 8, 2010.
Decided Aug. 4, 2011.

Corinne Beckwith, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Angela M. Miller, Assistant United States Attorney, with whom Ronald C. Machen Jr., United States Attorney, and Roy W. McLeese III, Elizabeth Trosman, and Scott L. Sroka, Assistant United States Attorneys, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, and GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges.

GLICKMAN, Associate Judge:

The jury in this criminal prosecution found appellant Katrina Holloway guilty of arson, rejecting her claim that she set the fire by accident and not on purpose. The sole issue before us on appeal is whether the trial court erred when it instructed the jury on appellant's theory of defense. Appellant contends the court violated her right to due process by refusing to make clear to the jury that the government bore the burden of proving beyond a reasonable doubt that the fire was not accidental.

We disagree with that claim. Although the court declined to deliver the specific instruction appellant proffered, it explained the government's burden of proof with respect to the defense of accident and told the jury that the burden of proof did not shift to appellant. The instructions were unambiguous and we see no reasonable likelihood that the jury misapplied them. We affirm appellant's convictions.[1]

I.

Appellant was charged with setting a fire in a house owned by her relatives. The house, located at 5200 Drake Place in southeast Washington, D.C., previously had belonged to appellant's paternal grandfather. On his death, it passed to his surviving children under the terms of his will. But because appellant's father had predeceased his parent, neither he nor appellant acquired any interest in the house. Appellant reportedly felt cheated out of her fair share in the property and had threatened to burn the house down if she could not live in it.

On April 20, 2008, appellant visited the Drake Place residence. One of her uncles, his girlfriend, and the girlfriend of another uncle were present during the visit. These witnesses testified at trial that appellant became embroiled in an argument with her uncle, menaced him with a knife,

---

1. In addition to arson, appellant was convicted of malicious destruction of property, threatening to damage property, assault with a dangerous weapon, and threatening to injure a person.

and again threatened to burn down the house. She then, according to the witnesses, attempted to make good on her threat by igniting a rolled up newspaper at the kitchen stove and using it to set fire to a chair in the living room. The fire quickly spread to the adjacent wall and did considerable damage to the house before it was extinguished.

Appellant denied her relatives' account of the incident. She told investigators on the day of the fire, and continued to claim at trial, that the fire was started by accident when she was heating flammable alcohol in a plate in order to prepare and smoke crack cocaine with others in the house. Appellant claimed the alcohol ignited and spewed out of the plate onto the chair.[2]

At trial, each side called an expert witness who supported its theory of the fire's origin. For the prosecution, an arson investigator who had inspected the scene and interviewed appellant testified that he found no evidence of alcohol or drug paraphernalia. In his opinion, the fire was started by an open flame, as claimed by appellant's relatives, and not by a mishap with drug apparatus. A fire investigator called by the defense disagreed. From the burn pattern and rapid spread of the fire, he concluded that a flammable liquid of some kind must have been involved, and that the fire could not have been started with only a newspaper torch. The defense expert believed the fire could have been started accidentally in the manner appellant had described.

## II.

Prior to closing arguments, appellant requested the court to include an instruction on her theory of defense in its charge to the jury. Finding part of the proposed instruction redundant, the court declined to give it in its entirety. Appellant argues that the court's decision created a reasonable likelihood that the jury would apply a diluted burden of proof, or shift the burden of proof onto her, with respect to her defense of accident.

The theory-of-defense instruction proposed by appellant set forth her claim that the fire was accidental and stated that it was the government's burden to prove otherwise. It read as follows:

The fire at 5200 Drake Place SE on April 20, 2008, was an accident that resulted from the use of drugs. It was not intentionally set. The government has the burden to prove beyond a reasonable doubt that the fire was set intentionally, and not by accident. The defense bears no burden to prove that it was an accident; the burden of proof lies with the government and never shifts.

The court agreed to incorporate only the first two sentences in its instruction on appellant's defense. Appellant argued that the last two sentences were needed to counter the danger of burden shifting whenever a defendant presents an affirmative defense. The court perceived no such danger in this case, however, because the basic arson instruction itself states that the government must prove beyond a reasonable doubt that the fire was not an accident.

In support of her claim that the jury may have been confused about the burden of proof with respect to her accident defense, appellant cites a comment the judge made to the jury at the conclusion of the prosecutor's initial closing argument. During that argument, the prosecutor stated that in order to prove the defendant

2. Appellant did not testify at trial. Her statement came in through a government witness, one of the arson investigators who had interviewed her, and a stipulation.

guilty of arson, the government had to show she acted "without mitigation," i.e., that her "actions were not provoked by conduct that would cause an ordinary reasonable person to lose her self control." The judge interrupted, called counsel to the bench, and explained that he would not be instructing the jury about mitigation because there was no evidence of mitigation; appellant's defense was accident, not provocation. After the prosecutor resumed and finished his argument, the judge took a moment to tell the jury why he had intervened when the prosecutor mentioned mitigation. There would be no instruction on mitigation, the judge explained, because there was no claim of provocation. Rather, the judge stated, "[t]he question is whether or not [the fire] was intentionally set or whether it was an accident." Appellant did not object to that remark. On appeal, however, she contends that the judge's identification of "the question" before the jury "reinforced the watering down of the government's burden" by improperly suggesting that the jury's task would be merely to "weigh[ ] one party's theory of the case against the other's." [3]

In its subsequent charge to the jury, the court addressed the government's burden of proof in general and the *mens rea* and other elements of arson. To begin with, the court explained, the defendant enjoys the presumption of innocence "throughout the trial unless and until the government has proven the defendant guilty beyond a reasonable doubt," and "[t]his burden of proof never shifts throughout the trial." Further, the judge instructed, "[t]he law does not require the defendant to prove her innocence or to produce any evidence at all." A few minutes later, the court told the jury the defense theory of the case: "The defense contends that the fire at 5200 Drake Place SE on April 20th, 2008, was an accident that resulted [from] the use of drugs, and it was not intentionally set." Immediately afterward, the court explained the elements of the offense of arson, "each of which the government must prove beyond a reasonable doubt," including that "the defendant set fire to the building voluntarily, on purpose, not by mistake or accident." [4] The trial court furnished a written copy of its instructions to the jury for use during its deliberations.[5]

### III.

◼◼◼◼ The law governing this appeal is well-settled. First, " '[w]hen a defendant requests an instruction on a theory of the case that negates his guilt of the crime charged, and that instruction is supported by any evidence, however weak, an instruction stating the substance of the defendant's theory must be given.' " [6] This

---

3. Brief for Appellant at 23.

4. Additionally, the court instructed, the government had to prove beyond a reasonable doubt that "the defendant acted with the intent to kill or seriously injure another person[,] with intent to threaten the security of anyone who lived in or occupied that building or other property[,] or in a conscious disregard of a known and substantial risk that her actions would endanger human life or threaten [the] security of anyone who lived in or occupied that building."

5. The instruction on the elements of the offense of malicious destruction of property similarly stated that the government had to prove beyond a reasonable doubt that "the defendant acted voluntarily, on purpose, not by mistake or accident."

6. *Higgenbottom v. United States,* 923 A.2d 891, 899 (D.C.2007) (quoting *Gray v. United States,* 549 A.2d 347, 349 (D.C.1988)). The words "however weak" may be misleading. Perhaps it would be more precise to say that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to

does not mean, however, that the court is obliged to adopt the precise language that the defense requests; "a trial judge . . . retains discretion to decide the form and wording of the instruction."[7] Moreover, " '[a]s a general rule, the refusal to give an instruction requested by a defendant is reversible error only if the instruction . . . was not substantially covered in the charge actually delivered to the jury[.]' "[8]

 Second, the trial court's instructions must state the government's burden of proof correctly and unambiguously. A trial court generally has broad discretion in fashioning jury instructions, as long as the charge, "considered as a whole, fairly and accurately states the applicable law."[9] But a defendant has been denied due process of law if there exists a "reasonable likelihood" that the jury misunderstood the instructions to allow conviction on less than proof of guilt beyond a reasonable doubt.[10]

 We have identified a heightened risk of such a misunderstanding when a defendant presents an affirmative defense such as alibi, self-defense, or (as in this case) accident. In such cases, "there is a danger that the jury may simply weigh the defendant's . . . claim against the government's evidence and convict on a mere preponderance of the evidence."[11] The jury needs to understand that in presenting a defense, "the defendant is not taking on the burden of proving his or her innocence," and that even if it does not "wholly believe" the defense evidence, it must still acquit if the evidence raises a reasonable doubt.[12]

 We ordinarily presume that the jury understands and obeys the trial judge's instructions.[13] Nonetheless, general instructions on the government's burden of proof may not be enough by themselves to ensure the jury understands that the burden of proof does not shift to a defendant who puts on a defense.[14] The standard way of dealing satisfactorily with the problem is for the trial court to augment its general instructions with a theory-of-defense instruction that explicitly informs the jury of the government's burden to disprove the defense beyond a reasonable doubt. This approach is exemplified in the "Redbook" pattern jury instructions on defenses.[15] Appellant urged the trial

find in his favor." *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). The point is academic in this case. There is no question that appellant was entitled to a theory-of-defense instruction.

**7.** *Lowman v. United States,* 632 A.2d 88, 94 (D.C.1993).

**8.** *United States v. Hurt,* 381 U.S.App.D.C. 259, 263, 527 F.3d 1347, 1351 (2008) (quoting *United States v. Taylor,* 302 U.S.App.D.C. 349, 356, 997 F.2d 1551, 1558 (1993)); *see also Stack v. United States,* 519 A.2d 147, 155 (D.C.1986) ("[O]ur task is to review the instructions as a whole to determine whether they fairly and fully presented the defense theory.").

**9.** *Fearwell v. United States,* 886 A.2d 95, 101 (D.C.2005) (citation omitted).

**10.** *Victor v. Nebraska,* 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *see also Blaine v. United States,* 18 A.3d 766, 774 (D.C.2011).

**11.** *Henderson v. United States,* 619 A.2d 16, 19 (D.C.1992).

**12.** *Id.*

**13.** *See, e.g., Evans v. United States,* 12 A.3d 1, 8 (D.C.2011).

**14.** *See Gethers v. United States,* 556 A.2d 201, 204 (D.C.1989).

**15.** *See, e.g.,* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA No. 9.200 ("Alibi") (5th ed. 2010) ("[Name of defendant] may not be convicted of the offense . . . unless the government proves beyond a reasonable doubt that s/he was present at the time when, and at the

court to adhere to this approach by giving the instruction she proposed on her defense of accident, and the court would not have erred had it done so.[16]

Nonetheless, the court told the jury everything appellant requested in her proffered instruction, and it did so with clarity. Its general burden-of-proof instruction was emphatic and explicit in stating that the government had the burden of proving appellant guilty beyond a reasonable doubt, that the burden of proof never shifted to appellant, and that she had no burden to prove her innocence or present any evidence. If that were all the court provided, our cases suggest appellant still might have a convincing argument. But in addition, just moments after telling the jury that appellant's defense was accident, the court told the jury exactly what appellant wanted it to hear: "the government must prove beyond a reasonable doubt ... [that] the defendant set fire to the building voluntarily, on purpose, not by mistake or accident." While this instruction was not the very next sentence after the court recited appellant's theory of the case, it came only a few sentences later.[17]

It is true that the instructions did not state *in haec verba* that even if the jury did not "wholly believe" appellant's evidence, it should acquit appellant if that evidence raised a reasonable doubt. Appellant did not ask for that specific language, however, nor have our cases required it. The point is implicit in what the instructions did state.

▪ Nor did the judge's earlier impromptu remark during closing arguments on "the question" in the case becloud the issue. The judge did not suggest that the jury would have to "satisfy" itself that appellant's claim of accident was true, or that it should balance the strength of the defense case against that of the government's case.[18] He merely identified the central issue in the case, namely, whether the fire was set on purpose or by accident. Identification of the "question" in dispute is fully compatible with the principle that the government bears the burden of proving the answer to that question beyond a reasonable doubt. If there was any ambiguity on that score in the judge's comment, it was removed by the subsequent instructions on the point.

place where, the offense allegedly was committed."); *id.,* No. 9.500 (self-defense) ("[Name of defendant] is not required to prove that s/he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that [name of defendant] did not act in self-defense. If the government has failed to do so, you must find [name of defendant] not guilty.").

16. *See, e.g., Clark v. United States,* 593 A.2d 186, 194 (D.C.1991). It was necessary for appellant to draft her own instruction because the Redbook does not contain a pattern instruction on the defenses of accident and mistake. *See* Criminal Jury Instructions for the District of Columbia No. 9.600 ("Defenses of Accident and Mistake–Note") ("The D.C. Court of Appeals has cautioned against shifting the burden of proof to the defendant, in

the context of the defenses of accident and mistake.... The Committee concluded that no general pattern instruction on these defenses could adequately provide for the range of contexts in which they arise.")

17. Five sentences later, to be specific.

18. *Cf. Clark v. United States,* 593 A.2d 186, 194 (D.C.1991) (finding error where the trial judge, after instructing the jury on the defendant's theory of the case, added "if you are satisfied that this is what happened, you must find that the defendant is not responsible for the death of [the victim]"); *United States v. Alston,* 179 U.S.App.D.C. 129, 131, 551 F.2d 315, 317 (1976) (finding error where, *inter alia,* the trial judge instructed the jury to evaluate the defendant's evidence "in contradistinction to" the government's evidence).

In sum, we are satisfied that the trial court "adequately conveyed the substance" of appellant's requested instruction to the jury.[19] Reviewing the instructions as a whole, and even taking into account the judge's remark during closing arguments, we perceive no reasonable likelihood that the jury was confused or misled into diluting the government's burden of proof or shifting the burden of proof to appellant. Appellant is not entitled to a new trial. We affirm her convictions.

*So ordered.*

---

**19.** *United States v. Hurt,* 381 U.S.App.D.C. 259, 263, 527 F.3d 1347, 1351 (2008).