# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 5, 2012   Decided February 12, 2013

No. 09-3044

UNITED STATES OF AMERICA,
APPELLEE

v.

EVERETT M. PURVIS, ALSO KNOWN AS MAN-MAN,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cr-00245-1)

---

*Sandra G. Roland*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee* and *Lisa B. Wright*, Assistant Federal Public Defenders, entered appearances.

*James A. Petkun*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III*, *Matthew P. Cohen*, and *Courtney Denise Spivey*, Assistant U.S. Attorneys. *Elizabeth Trosman*, Assistant U.S. Attorney, entered an appearance.

Before: ROGERS and GARLAND, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: Everett Purvis appeals his convictions for assault with a dangerous weapon, possession of a firearm during dangerous offenses, and being a felon in possession of a firearm. Purvis appeals on the ground that the district court improperly instructed the jury with respect to his claim of self-defense. We affirm the judgment of the district court.

I

On May 14, 2008, a gunfight broke out in front of an apartment building in the Anacostia neighborhood of Washington, D.C. Appellant Everett Purvis was one of the shooters; the other was Phillip Blake. Although neither man was hit, a witness to the confrontation was injured when a stray bullet shattered a window and grazed her face. Purvis was subsequently indicted by a federal grand jury on two counts of assault with intent to kill while armed, in violation of D.C. Code §§ 22-401 and 22-4502; one count of assault with a dangerous weapon, in violation of D.C. Code § 22-402; three counts of possession of a firearm during a crime of violence or dangerous offense, in violation of D.C. Code § 22-4504(b); and one count of possession of a firearm and ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

At trial, Blake testified that Purvis walked over to him, accused him of being a government snitch, and pointed a gun at his head. Trial Tr. 89-90 (Feb. 3, 2009 p.m.). When Purvis told Blake he was going to kill him, Blake began backing away. *Id.* at 90-91. When Blake turned around to run, Purvis started shooting at him. *Id.* at 91. "[T]hat's when I managed to get my gun from my pocket," Blake said, "and I shot at him . . . , behind

my back while I was running." *Id.* at 92. The injured witness gave testimony corroborating this account; she, too, said that Purvis had called Blake a snitch and then fired the first shot. Trial Tr. 31-32, 37-38 (Feb. 4, 2009 p.m.).

Purvis also testified. According to his testimony, it was Blake who initiated a verbal confrontation and the resulting shootout. Trial Tr. 104-07 (Feb. 4, 2009 p.m.). Purvis testified that Blake approached him and "said something -- he was like, after -- I can't remember exactly what he said." *Id.* at 104. After a couple of minutes of argument, Purvis said, Blake "walk[ed] off and like when he got a distance, he just turned around and started firing." *Id.* at 107. Purvis testified that he then grabbed a gun from a friend and started shooting back at Blake in self-defense. *Id.* at 108-09.

The district court instructed the jury that self-defense could be a defense to a number of the charges against Purvis.[1] And it told the jury the following with respect to Purvis' claim of self-defense:

> Mr. Purvis is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that

---

[1]The court instructed that self-defense could be a defense to the D.C. Code offenses of assault with intent to kill while armed, assault with a dangerous weapon (a lesser included offense), and possession of a firearm during the commission of a crime of violence or dangerous offense. Trial Tr. 27 (Feb. 9, 2009 a.m.). It also instructed that self-defense could be a defense to the federal offense of possession of a firearm or ammunition by a person previously convicted of a felony, but only "if you find that the defendant came into possession of a firearm or ammunition during the actual exercise of actual self-defense." *Id.* at 26.

the defendant did not act in self-defense. If the government has failed to do so, you must find the defendant not guilty of the applicable offense.

There has been testimony both that Phillip Blake was the aggressor and that the defendant was the aggressor. You must first determine from the evidence whether, in fact, the defendant was the aggressor. If you find that the defendant was the aggressor or if he provoked the conflict himself, he cannot rely upon the right of self-defense to justify his use of force.

Trial Tr. 27-28 (Feb. 9, 2009 a.m.).

After a five-day trial, the jury returned a verdict of guilty on two lesser included offenses of assault with a dangerous weapon, as well as on three possession counts. On April 30, 2009, the district court sentenced Purvis to consecutive 63-month and 48-month terms of imprisonment. Purvis challenges the district court's judgment on the single ground that its self-defense instruction erroneously diluted the government's burden of proof.

## II

Purvis did not object to the self-defense instruction in the district court. To the contrary, his trial counsel pronounced himself "satisfied" with the instruction. Trial Tr. 40 (Feb. 6, 2009 a.m.). Accordingly, we review his claim only for plain error. *United States v. Simpson*, 430 F.3d 1177, 1183 (D.C. Cir. 2005). Under that standard: "'[T]here must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of

judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)); *see also* FED. R. CRIM. P. 52(b).

Purvis challenges only one sentence of the jury instruction: "You must first determine from the evidence whether, in fact, the defendant was the aggressor." Trial Tr. 28 (Feb. 9, 2009 a.m.).[2] He contends that, rather than requiring the jury to decide whether the government had proven beyond a reasonable doubt that he did not act in self-defense, this sentence erroneously suggested that the jury should engage in a "simple weighing of each party's evidence against the other," Appellant's Br. 18, in order to "determine [the] historical truth . . . as [to] whether Mr. Purvis shot first," *id.* at 19. This, Purvis maintains, "sent the jury veering away from the more subtle and complex inquiry whether the government had . . . disproved Mr. Purvis' self-defense claim" beyond a reasonable doubt, thereby violating Purvis' right to due process. *Id.* at 22; *see id.* at 16.

At oral argument, Purvis' counsel acknowledged that he would not have claimed error if the challenged sentence had read: "You must first determine *beyond a reasonable doubt* whether, in fact, the defendant was the aggressor." Oral Arg. Recording at 10:20; *see also supra* note 2. But that is

---

[2]Purvis does not dispute the instruction that, "[i]f you find that the defendant was the aggressor or if he provoked the conflict himself, he cannot rely upon the right of self-defense to justify his use of force." Trial Tr. 28 (Feb. 9, 2009 a.m.). *See generally Rorie v. United States*, 882 A.2d 763, 775 (D.C. 2005) (holding that this instruction "is appropriately given when there is both evidence of self-defense and evidence that the defendant provoked the aggression from which he was defending himself"); *United States v. Grover*, 485 F.2d 1039, 1042 (D.C. Cir. 1973) (noting that there are exceptions, not present in the instant case, to the rule that "generally the defense of self-defense is not available to one who provokes the difficulty" (internal quotation marks omitted)).

effectively what the judge did charge.  As set out in Part I above, just three sentences earlier the court had stated in unequivocal terms that "the government must prove beyond a reasonable doubt that the defendant did not act in self-defense."  Trial Tr. 27-28 (Feb. 9, 2009 a.m.).    The follow-up instruction to determine "whether, in fact, the defendant was the aggressor," *id.* at 28, merely highlighted what Purvis acknowledges was the only element of his self-defense claim that was in dispute at trial.  Oral Arg. Recording at 24:40.[3]

In urging the contrary position, Purvis necessarily asks us to view a single sentence of the court's jury instructions in isolation.  This we may not do.  To the contrary, "[i]t is well established that [an] instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted); *see United States v. Toms*, 396 F.3d 427, 436 (D.C. Cir. 2005). Here, not only did the district court specifically instruct the jury that the government bore the burden of proving the absence of self-defense beyond a reasonable doubt, Trial Tr. 27-28 (Feb. 9, 2009 a.m.), it repeatedly instructed that the government bore the burden of proving each of the elements of the charged offenses beyond a reasonable doubt, *see, e.g.*, *id.* at 9-10.    It also specifically instructed that the "burden of proof never shifts throughout the trial."  *Id*. at 9.

Moreover, in deciding whether a jury instruction was erroneous, we must consider not only "the content of the entire jury instruction," but also "the arguments of counsel." *United States v. Chan Chun-Yin*, 958 F.2d 440, 444 (D.C. Cir. 1992).

---

[3]For example, the government did not dispute that the force Purvis used would have been reasonable if it had been used in self-defense.

And here, the closing arguments of both the prosecution and the defense specifically referenced the government's burden to disprove Purvis' self-defense claim beyond a reasonable doubt. *See* Trial Tr. 43, 57 (Feb. 9, 2009 a.m.). Given this context, it would be hard to conclude there was a "reasonable likelihood" that the jury "applied the challenged instruction in a way that violates the Constitution." *Jones v. United States*, 527 U.S. 373, 390 (1999) (internal quotation marks omitted).

Even if the district court's instruction were in error, Purvis could still prevail only if the error were plain, in the sense of being "'clear' or 'obvious.'" *United State*s v. *Bryant*, 523 F.3d 349, 353 (D.C. Cir. 2008). This would be so if the instruction "failed to follow [an] absolutely clear legal norm," *United States v. Andrews*, 532 F.3d 900, 909 (D.C. Cir. 2008) (internal quotation marks omitted), or "tread upon a well-established constitutional or legal principle," *United States v. Laureys*, 653 F.3d 27, 33 (D.C. Cir. 2011) (internal quotation marks omitted). But that did not happen here. The district court's self-defense instruction reproduced verbatim language from the then-current version of the model Criminal Jury Instructions for the District of Columbia (colloquially known as the "Redbook"). *See* YOUNG LAWYERS SECTION OF THE BAR ASS'N OF THE DISTRICT OF COLUMBIA, CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 5.16(A) (4th ed. 1993). The District of Columbia Court of Appeals has held that this language, including the very sentence disputed by Purvis, "adequately inform[s] the jury of the controlling legal principles" governing self-defense. *Stewart v. United States*, 687 A.2d 576, 581 (D.C. 1996); *see also Tyler v. United States*, 975 A.2d 848, 857-59 (D.C. 2009). If anything, this suggests that the challenged

instruction constituted rather than contravened a clear legal norm.[4]

The instruction might also have been plainly erroneous if it had "contradict[ed] circuit or Supreme Court precedent." *Laureys*, 653 F.3d at 32 (citation omitted). But there is no such precedent. Indeed, we have twice declined to reverse similar instructions on plain error review.

In *United States v. Spencer*, we reviewed an instruction stating that the jury "must decide whether the officers were lying or [the defense witnesses] were lying." 25 F.3d 1105, 1110 (D.C. Cir. 1994). We held that instruction was not plain error because the district court had "immediately followed up with an explanation of the [government's] burden of proof," and "[t]he jury could not have construed the court's remark to mean that the defendant had the burden of proof, unless it ignored the court's other instructions." *Id.* Four years later, we affirmed that holding in *United States v. Wilson*, 160 F.3d 732 (D.C. Cir. 1998). There, we held that instructing a jury to "determine where the truth lies" did not by itself impermissibly shift the burden to the defense, particularly where the district court had "repeatedly and correctly instruct[ed] the jury that the government had the burden of proof beyond a reasonable doubt." *Id.* at 747.

---

[4]We note that fidelity to the Redbook cannot alone shield an instruction from plain error. The Redbook reflects the views of one committee of one section of the District of Columbia Bar Association, and "we have never suggested that the *Redbook* instruction is mandatory." *United States v. Taylor*, 997 F.2d 1551, 1556 (D.C. Cir. 1993). For the same reason, however, the committee's decision to withdraw the challenged instruction from the Redbook after Purvis' trial, as noted in the Appellant's Reply Br. at 4-5, cannot suffice to show that the instruction was plainly erroneous.

The instruction at issue here falls comfortably within the holdings of *Spencer* and *Wilson*. As in those cases, the district court highlighted for the jury the main factual issue to be decided -- "whether, in fact, the defendant was the aggressor" -- but did so in the context of other instructions that properly set forth the government's burden of proof. Indeed, whereas the district court in *Spencer* merely addressed the government's ultimate burden of proof, here the trial court specifically instructed the jury that the government had to disprove Purvis' self-defense claim beyond a reasonable doubt.

Purvis points to two D.C. Circuit cases in support of his plain error argument. Both are readily distinguishable. In *United States v. Rawlings*, we found plain error where the court's instructions "required [the jury] to decide whom to believe or what actually occurred," noting that "[t]he court's emphasis on resolving the factual dispute was plainly inconsistent with its otherwise adequate burden of proof and reasonable doubt instructions." 73 F.3d 1145, 1148-49 (D.C. Cir. 1996). We expressly noted, however, that our reversal did *not* rest on the ground that the instruction "by itself impermissibly shifted the burden of proof to the defendant." *Id.* at 1148 n.4. Rather, "[a]ny confusion" the instruction caused "was compounded by [a] clumsy instruction on the elements of the charged offense . . . [that] purported to establish a hierarchy among the offense elements." *Id.* at 1149. It was the "combined effect" of the challenged instructions that "divert[ed] the jurors' focus" from the crucial question of whether the government had proven the elements of the offense beyond a reasonable doubt. *Id.*; *accord Wilson*, 160 F.3d at 747 (explaining that the reversal in *Rawlings* "turned on a combination of errors").

Our decision in *United States v. Alston*, 551 F.2d 315 (D.C. Cir. 1976), is also distinguishable. There, the trial court expressly invited a weighing exercise by instructing jurors to

"analyze the testimony presented by [the defendant] in contradistinction to the testimony presented by the Government" regarding the defendant's alibi defense. *Id.* at 317. Those instructions were erroneous, we said, because "'[a] defendant is entitled to specific instructions on the burden of proof on alibi issues because the jury is likely to become confused about the burden of proof when an appellant offers this type of evidence.'" *Id.* at 319 (quoting *United States v. Booz*, 451 F.2d 719, 723 (3d Cir. 1971)). Here, the district court specifically instructed the jury that the government bore the burden of proving the absence of self-defense beyond a reasonable doubt. Hence, unlike the district court in *Alston*, the court "adequately emphasize[d] that the burden of proof does not shift when a defendant voluntarily undertakes to present a specific defense." *Id.* at 317.

Finally, Purvis points to *Holloway v. United States*, in which the District of Columbia Court of Appeals considered a challenge to a jury instruction on the defendant's theory of defense -- accident -- in an arson case. 25 A.3d 898 (D.C. 2011). There, the trial judge had instructed that "[t]he question is whether or not [the fire] was intentionally set or whether it was an accident." *Id.* at 902. The Court of Appeals acknowledged that it had previously "identified a heightened risk" that a jury might not understand that the government retains its burden of proof "when a defendant presents an affirmative defense such as alibi, self-defense, or (as in this case) accident." *Id.* at 903. But it explained that "[t]he standard way of dealing satisfactorily with the problem is for the trial court to . . . explicitly inform[] the jury of the government's burden to disprove the defense beyond a reasonable doubt." *Id.* Concluding that the trial court had effectively done so, the Court of Appeals held, as we do here, that there was "no reasonable likelihood that the jury was confused or misled into diluting the government's burden of proof or shifting the burden of proof" to the defendant. *Id.* at 905.

11

In short, the instruction that Purvis challenges did not contradict any precedent of this court or the Supreme Court. Nor did it contravene any clear legal norm. If anything, cases from our circuit and the D.C. Court of Appeals point in the opposite direction. That is sufficient for us to conclude that the instruction was not plainly erroneous, and there is no need to consider the remaining elements of the plain error standard. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

III

For the foregoing reasons, the judgment of the district court is

*Affirmed.*